Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 50005 | **DATE** | 7/8/2002 |
| **CASE TITLE** | K.F. vs. RIVER BEND | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons set forth on the reverse Memorandum Opinion and Order, defendant's motion for summary judgment is granted as to Count I. The court declines to exercise supplemental jurisdiction over Count II. Count II is dismissed without prejudice. This case is terminated.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

# MEMORANDUM OPINION AND ORDER

Plaintiffs, K.F., individually by her parents and next friends, S.F. and M.F., and S.F. and M.F., individually, filed a three-count complaint against defendant, River Bend Community Unit School District No. 2 ("District") alleging sexual harassment in violation of 20 U.S.C. § 1681 et. seq. ("Title IX") (Count I), willful and wanton failure to supervise (Count II) and loss of consortium (Count III). Count III was previously dismissed. Jurisdiction is proper over Count I pursuant to 28 U.S.C. § 1331. The court has supplemental jurisdiction over Count II. 28 U.S.C. § 1367(a). Venue is proper under 28 U.S.C. § 1391(b). Defendant moved for summary judgment pursuant to Federal Rule of Civil Procedure 56.

K.F., a kindergarten student at District's elementary school, was sexually molested over a period of several weeks on a District school bus by a fifteen year old District middle school student, Kenny. Kenny was a special education student. (LR 56.1, Hammer ¶1) The bus driver had assigned K.F. to sit next to Kenny in the front seat of the bus in order to keep K.F. in her seat. (LR 56.1 (a), Angeles ¶20) On one occasion during the period of the molestation K.F. told the bus driver Kenny was bugging and bumping her and asked if she could sit somewhere else and not next to Kenny. (LR 56.1 (b) ¶22) The driver asked Kenny in a joking manner why he was bugging K.F. and Kenny replied he was just keeping her in the seat like the driver wanted. (Id. ¶23) On January 5, 2000, following recess, District personnel found K.F had given another student money and inquired why K.F. had money at school. (LR 56.1 (a), Kutchman ¶3) They ultimately learned Kenny was the source of the money, that it had been given to K.F. in connection with the molestation, (Id. ¶7) and notified K.F.'s parents (LR 56.1 (a), Lawler ¶8). Kenny was given a ten-day suspension, the maximum allowable school discipline for a special education student. (LR 56.1 (a), Hammer ¶7) Kenny pled guilty to four counts, and admitted to thirteen counts, of criminal sexual abuse for the incidents with K.F. (LR 56.1 (b) ¶ 5)

Title IX prohibits sex discrimination in federally funded education programs. 20 U.S.C. § 1681(a). Recipients of federal funds, like District, may be liable for damages under Title IX to a student who is sexually harassed by another student "only where [the recipients] are deliberately indifferent to sexual harassment, of which they have actual knowledge, that is so severe, pervasive, and objectively offensive that it can be said to deprive the victims of access to the educational opportunities or benefits provided by the school." Davis v. Monroe County Bd. of Educ., 526 U.S. 629, 650 (1999). Plaintiffs' Title IX claim is premised on the bus driver's failure to stop the continuing assaults on K.F. They argue the driver is responsible for student safety on the bus, that K.F.'s complaint that Kenny was bugging her, in light of her young age and the driver's duty to protect, constitutes actual knowledge by the driver of sexual harassment by another student to which the driver was deliberately indifferent. Plaintiff's cite District's failure to teach children about improper touching until after kindergarten and failure to instruct bus drivers about sexual harassment. However, nothing plaintiffs raise establishes deliberate indifference in the face of actual knowledge. The evidence only shows K.F. told the bus driver she was being bugged and bumped by Kenny and wanted to sit somewhere away from him. There is absolutely no evidence the driver had any knowledge or even a suspicion K.F. was being sexual harassed. When other District employees found K.F. with the money they quickly investigated the situation and advised K.F.'s parents. A funding recipient is deliberately indifferent "to acts of student-on-student harassment only where the recipient's response to the harassment or lack thereof is clearly unreasonable in light of known circumstances." Id. at 648. Once the District knew of the harassment it acted quickly to identify the abuser and notify K.F.'s parents. Kenny was given the maximum allowable school discipline.

Plaintiffs present evidence District knew Kenny had behavioral problems and had these problems since 1991. However, the fact of ongoing behavioral problems does not translate into actual knowledge of sexual harassment. Plaintiffs are asking the court to allow District to be found liable because it should have taught K.F. about improper touching in kindergarten, trained its driver to recognize a kindergarten student's complaint about being "bugged" as possible sexual harassment, and advised the driver of Kenny's behavioral problems so he would have known not to sit Kenny next to K.F. or at least recognized her complaint as possibly involving sexual harassment. Maybe District should have done these things. However, allowing District to be found liable under Title IX on these facts (in essence plaintiffs are asking the court to find "constructive" actual knowledge) would be an extension of the parameters for liability set by the Supreme Court in Davis, an extension this court cannot make. There is simply no evidence District knew of the abuse of K.F. prior to January 5, 2000, had any information Kenny had previously engaged in activity of a sexually harassing nature against anyone, or even that he might have a propensity to engage in sexually harassing behavior if given the opportunity. Because plaintiff has not presented evidence of deliberate indifference to actual knowledge of sexual harassment, defendant's motion for summary judgment must be granted as to the Title IX claim.

Summary judgment on Count I leaves only the state law claim for willful and wanton failure to supervise (Count II). When the court disposes of all the federal claims before trial, relinquishing jurisdiction over pendant state law claims is the norm not the exception. Contreras v. Suncast Corp., 237 F.3d 756, 766 (7th Cir.), cert. denied, __ U.S. __, 122 S.Ct. 62 (2001) ; see 28 U.S.C. § 1367(c)(3). The court finds no extraordinary circumstances warranting retention of supplemental jurisdiction. Accordingly, the court declines to exercise supplemental jurisdiction over the state law claim.

For the foregoing reasons, defendant's motion for summary judgment is granted on the Count I Title IX claim. Count II is dismissed without prejudice.

AO 450(Rev. 5/85)Judgment in a Civil Case

# United States District Court
## Northern District of Illinois
### Western Division

K.F., et al.

**JUDGMENT IN A CIVIL CASE**

v.

Case Number: 01 C 50005

River Bend Community Unit School District No. 2

☐ Jury Verdict. This action came before the Court for a trial by jury. The issues have been tried and the jury rendered its verdict.

■ Decision by Court. This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS HEREBY ORDERED AND ADJUDGED that defendant's motion for summary judgment is granted as to Count I. The court declines to exercise supplemental jurisdiction over Count II. Count II is dismissed without prejudice. This case is terminated.

All orders in this case are now final and appealable.

Michael W. Dobbins, Clerk of Court

Date: 7/8/2002

Susan M. Wessman, Deputy Clerk